# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVID WILLIAMS,<br><br>                    Petitioner,<br><br>       v.<br><br>DIRECTOR of CALIFORNIA DEP'T of CORRECTIONS,<br><br>                    Respondent. | Civil No.   14-2520 GPC (WVG)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### REQUEST TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to provide the Court with the required Prison Certificate.

## ABSTENTION

Further, the Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983). Here, Petitioner states he was convicted on September 3, 2014. He does not indicate whether a direct appeal has been filed with the California Court of Appeal. Petitioner alleges he has filed petition for writ of habeas corpus in the California Supreme Court which is still pending. Thus, proceedings are still ongoing in state court.

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time he filed the instant Petition, Petitioner admits that he has yet to file a direct appeal with the California Court of Appeal and has yet to receive a decision on his petition before the California Supreme Court. (*See* Pet. at 2.) Thus his criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests.

Petitioner has not indicated an inability to petition the state appellate or supreme court to address his claims. *See People v. Pompa-Ortiz*, 27 Cal.3d 519, 529 (1980) (recognizing that an application for an extraordinary writ may be made to the state appellate court regarding non-jurisdictional pre-trial errors); *People v. Phillips*, 169 Cal.App.3d 632, 639 (Cal.App.Ct. 1985) (same with respect to choice of counsel claims).

In fact, Petitioner indicates he is awaiting a disposition of his habeas petition in the state supreme court.  (*See* Pet. at 4.)  Because the state courts provide Petitioner an opportunity to raise his claims in state court, abstention is required.  *See Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

### FAILURE TO ALLEGE SUFFICIENT FACTUAL BASES FOR RELIEF

Furthermore, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]."  Rule 2(c), 28 U.S.C. foll. § 2254.  *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief).  Here, Petitioner has violated Rule 2(c).  Although Petitioner does not fail to state generalized constitutional grounds for relief, he fails to provide specific factual allegations in support of such grounds.  Instead, he refers to a previous federal petition filed in this Court in Case No. 14cv1644.  This Court dismissed that petition on September 4, 2014.  (*See* Order filed Sept. 4, 2014 in case No. 14cv1644 WQH (DHB) [ECF No. 16].)

In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error*." Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted).  Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted.  *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the allegations presented in the petition should be sufficiently specific to permit the respondent to assert appropriate objections and defenses.  *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989).  The Court is not required to search through filings in previously dismissed cases in order to determine whether sufficient facts exist to

support the claim for relief raised in the instant petition. *Cf. Harris v. Carter*, 2009 WL 2253221 *12 (W.D. Wash. Mar. 18, 2009), as modified by 2009 WL 1763323 (W.D. Wash. June 18, 2009) (citing *Adams*, 897 F.2d at 334). Here, the lack of supporting facts in the Petition prevents the Respondent from being able to evaluate the claims, appropriate objections and defenses.

## CONCLUSION

For the foregoing reasons, the Petitioner's request to proceed in forma pauperis is **DENIED** and the Petition is **DISMISSED** without prejudice because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and because Petitioner failed to allege sufficient factual basis for the grounds for relief raised in the Petition.

**IT IS SO ORDERED.**

DATED: October 29, 2014

HON. GONZALO P. CURIEL
United States District Judge